**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2635-22

JONATHAN WALKER,

     Petitioner-Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent-Respondent.

_____

Argued July 9, 2024 – Decided July 16, 2024

Before Judges Gilson and Smith.

On appeal from the New Jersey State Parole Board.

Timothy Mark Ortolani argued the cause for appellant (Kaufman Dolowich LLP, attorneys; Timothy Mark Ortolani, of counsel and on the briefs).

Dorothy M. Rodriguez, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, on the brief).

PER CURIAM

Parolee, Jonathan Walker, appeals from a March 29, 2023 final agency decision by the State Parole Board (the Board) revoking his parole and imposing a thirteen-month term of incarceration before he would be eligible for parole again. We affirm.

In 2010, Walker was charged with murder, unlawful possession of a handgun, and possessing a handgun for an unlawful purpose. He was separately charged for various drug-related offenses, including distributing cocaine. In 2012, Walker pled guilty to an amended charge of first-degree aggravated assault, N.J.S.A. 2C:11-4(a); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b); and third-degree possession of cocaine with the intent to distribute within a school zone, N.J.S.A. 2C:35-7. That same year, he was sentenced to an aggregate prison term of thirteen years with periods of parole ineligibility and parole supervision as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

In February 2022, Walker was released from prison on parole. Upon his release, Walker was advised that he had to comply with various parole conditions. The conditions included that he: reside in an approved location; obtain permission from his parole officer to change his residence; obtain

permission from his parole officer to leave New Jersey; refrain from purchasing or using alcohol; and participate in and complete a substance abuse program.

During his first four months of parole, Walker violated numerous conditions. Specifically, he violated the residency requirements, used drugs and alcohol, and traveled outside of New Jersey without permission from his parole officer. The last charge involved a May 2022 trip that Walker took to Tennessee, where he visited a dying relative and then attended her funeral. Walker stayed there approximately ten days before returning to New Jersey.

Upon his return, Walker was charged with violating his parole conditions. He was assigned counsel, and a revocation hearing took place. The hearing officer found Walker had repeatedly and persistently violated his parole conditions. The hearing officer's initial decision recommended Walker's parole be revoked, and he serve thirteen months without parole eligibility.

Walker administratively appealed. In the Board's final administrative decision (FAD), it found that Walker's parole violations had been established by clear and convincing evidence. The Board noted that Walker, within four months of his release, had committed several parole violations, including but not limited to repeatedly failing to attend drug and alcohol counseling and leaving the state without permission. Characterizing the violations as "serious

A-2635-22

and persistent," the Board revoked Walker's parole status and imposed the thirteen-month term.

On appeal, Walker contends that the Board's FAD was arbitrary and capricious.

We review a Parole Board's determination deferentially "in light of its expertise in the specialized area of parole supervision." J.I. v. N.J. State Parole Bd., 228 N.J. 204, 230 (2017) (citing McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)). We will not reverse the Board's decision "unless found to be arbitrary . . . or an abuse of discretion." Pazden v. N.J. State Parole Bd., 374 N.J. Super. 356, 366 (App. Div. 2005) (omission in original) (quoting Trantino v. N.J. State Parole Bd. (Trantino IV), 154 N.J. 19, 25 (1998)). Unless the Board "went so far wide of the mark that a mistake must have been made," its decision must not be disturbed. N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1988).

In reviewing a final decision of the Board, we are obligated to "determine whether [the Board's] factual finding could have been reached on sufficient credible evidence in the whole record." Trantino v. N.J. State Parole Bd. (Trantino VI), 166 N.J. 113, 172 (2001) (quoting Trantino IV, 154 N.J. at 24). Specifically, we must consider: (1) whether the Board's action is consistent with

4

the applicable law; (2) whether there is substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably reached based on the relevant facts. Ibid. Credibility determinations by those who see and hear witnesses are afforded substantial deference. State, Div. of Youth & Fam. Servs. v. T.G., 414 N.J. Super. 423, 433 (App. Div. 2010); Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587-88 (1988).

On appeal, Walker contends that his admitted violations were not serious and persistent, urging us to reject the Board's findings on that question. He essentially urges us to "retry" the matter with the same evidence the parties presented to the Board, and then reach a different result. from his parole officer and the director of his substance abuse program. This argument misinterprets our standard of review, which does not call for such an approach.

The record contains ample evidence to support the Board's findings. The evidence includes Walker's own admissions, as well as uncontroverted testimony. We cannot conclude that the Board's final decision "went so far wide of the mark that a mistake must have been made," hence we decline to disturb it. Cestari, 224 N.J. Super. at 547.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2635-22